UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAYVON MONTGOMERY,

Plaintiff,

v.

Civil Case No. 22-11416
Honorable Linda V. Parker

DARRELL DAWSON,
DETROIT RECEIVING HOSPITAL
DMC, DEPARTMENT OF MOTOR
VEHICLE, and 36TH DISTRICT COURT,

Defendants.
_________________________________/

**ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*, (2) PARTIALLY DISMISSING CLAIMS AND PARTIES, AND (3) REQUIRING FILING OF AMENDMENT COMPLAINT**

Plaintiff initiated this pro se action against Defendants on June 23, 2022, pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On the same date, he filed an application to proceed in forma pauperis. (ECF No. 2.) In his Complaint, Plaintiff claims that he has suffered injury due to a "refusal to blow" placed on his driving record after being involved in a motor vehicle accident in Detroit at some unidentified date and time. (*See* ECF No. 1.) Defendant Detroit Police Officer Darrell Dawson, who responded to the accident scene, allegedly was dissatisfied with Plaintiff's performance on a breathalyzer test and obtained a warrant for a

blood test from the 36th District Court, which was drawn at Detroit Receiving Hospital. (*Id.*) The results came back "clean." (*Id.*)

District courts are required by statute to dismiss any action brought under federal law in forma pauperis if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *see McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 2007). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint set forth a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief sought. A complaint must contain sufficient factual matter, that when accepted as true, "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id*. (citing *Twombly*, 550 U.S. at 556).

Generally, a less stringent standard is applied when construing the allegations pleaded in a pro se complaint. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596 (1972). Even when held to a less stringent standard, however,

Plaintiff's Complaint fails to satisfy Rule 8 with respect to his claim(s) against Detroit Receiving Hospital ("Hospital"). Moreover, his claims against the 36th District Court and "Department of Motor Vehicles" ("DMV") are subject to summary dismissal because these State of Michigan entities are entitled to Eleventh Amendment immunity.

First, Plaintiff does not allege any facts to establish the Hospital's liability. While he states that his blood was drawn there, he does not explain how the Hospital or any Hospital employee violated his rights. Plaintiff, therefore, is being ordered to file an amended complaint explaining the basis of his claims against this defendant. Any amended pleading should provide date(s) of when the alleged misconduct occurred, including the alleged violations of Plaintiff's rights by any remaining defendants.

Eleventh Amendment immunity bars Plaintiff's claims against the "DMV" and 36th District Court.[1] It is well-established that the Eleventh Amendment bars any suit, absent consent, against a State by its own citizens. *See Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) (observing that "[t]he ultimate guarantee of the Eleventh Amendment is that non-consenting States may not be

[1] The Court presumes that Plaintiff is referring to the Michigan Secretary of State as it manages driving licenses and records, vehicle registration, etc. The State does not have a "Department of Motor Vehicles." Nevertheless, the Court refers to the agency as Plaintiff does.

sued by private individuals in federal court."). It also is well settled that the Eleventh Amendment bars federal court actions against State agencies and departments. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam )). The Eleventh Amendment additionally bars claims against state employees in their official capacities because "a suit against a state officer in his or her official capacity is tantamount to a suit against the state itself." *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985). Congress has not abrogated the Eleventh Amendment immunity of States with regard to suits under §§ 1983 or 1985. *See Quern v. Jordan*, 440 U.S. 332, 339-42 (1979); *Boler v. Earley*, 865 F.3d 391, 409-10 (6th Cir. 2017) ("Section 1983 does not abrogate Eleventh Amendment immunity."). Nor has the State of Michigan waived its immunity. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).

The DMV is a state agency. Under the Michigan Constitution, the judiciary is a separate and independent branch of state government and thus the district and circuit courts of the State of Michigan are arms of the State. *See Judicial Attorneys Ass'n v. Mich.*, 586 N.W.2d 894, 897-98 (Mich. 1998); *Pucci v. Ninteenth District Ct.*, 628 F.3d 752, 762-63 (6th Cir. 2010). Each state court is part of the "one court of justice" established by the Michigan Constitution. Mich. Const. art. VI, § 1 ("The judicial power of the state is vested exclusively in one court of justice which

shall be divided into one supreme court, one court of appeals, one trial court of general jurisdiction known as the circuit court, one probate court, and courts of limited jurisdiction that the legislature may establish by a two-thirds vote of the members elected to and serving in each house"); *see Smith v. Oakland Cnty. Cir. Ct.*, 344 F. Supp. 2d 1030, 1055 (E.D. Mich. 2004). In short, Eleventh Amendment immunity bars Plaintiff's claim(s) against the "DMV" and 36th District Court.

Accordingly,

**IT IS ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against the 36th District Court and DMV are **DISMISSED** and these parties are terminated.

**IT IS FURTHER ORDERED** that within twenty-one (21) days of this Opinion and Order, Plaintiff shall file an amended complaint in compliance with Rule 8 or his claim(s) against the Detroit Receiving Hospital will be dismissed and it also will be terminated as a party. [2]

---

[2] There is a clinic at the courthouse available to assist pro se parties. Information about the clinic is available at *http://www.mied.uscourts.gov/PDFFIles/Pro_Se_Clinic_2019.pdf*. Representatives at the clinic may be able to assist Plaintiff in responding to this Opinion and Order.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: June 27, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 27, 2022, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager