UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAYVON MONTGOMERY,

        Plaintiff,

v.                                                                    Civil Case No. 22-11416
                                                                     Honorable Linda V. Parker

DARRELL DAWSON,
DETROIT RECEIVING HOSPITAL
DMC, DEPARTMENT OF MOTOR
VEHICLE, and 36TH DISTRICT COURT,

        Defendants.
_____/

**OPINION AND ORDER REQUIRING FILING OF A SECOND AMENDED COMPLAINT**

On June 23, 2022, Plaintiff initiated this pro se action against four defendants: Detroit Police Officer Darrell Dawson, Detroit Receiving Hospital DMC, "Department of Motor Vehicle," and the 36th District Court. (ECF No. 1.) Plaintiff also filed an application to proceed in forma pauperis. (ECF No. 2.) In an opinion and order entered June 27, the Court summarily dismissed on Eleventh Amendment Immunity grounds the Department of Motor Vehicle—which the Court concluded was intended to be the Michigan Secretary of State—and the 36th District Court. (ECF No. 4.) The Court also ordered Plaintiff to file an amended complaint within twenty-one days as he failed to state a claim upon which relief could be granted against Detroit Receiving Hospital (hereafter "Hospital"). (*Id.*)

Plaintiff filed an "Amended Complaint" on July 7. (ECF No. 7.) The heading of the pleading names the Hospital and "Driver Assessment Office." (*Id.*) As an initial matter, the Court already has informed Plaintiff that his claims concerning his driving record asserted against the State agency responsible for that record—whether improperly named the "Department of Motor Vehicle" or "Driver Assessment Office" rather than the Michigan Secretary of State—are subject to dismissal on Eleventh Amendment immunity grounds. Thus, Plaintiff's Amended Complaint should not list this entity as a Defendant. Moreover, the amended pleading contains no claims against this entity.

The Amended Complaint also contains no claims against Officer Dawson. Generally, an amended pleading replaces an original pleading. *See Braden v. United States*, 817 F.3d 926, 930 (6th Cir. 2016) (quoting *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 617 (6th Cir. 2014)). Thus, to the extent Plaintiff intends to still pursue his claims against Officer Dawson, he must file a second amended complaint listing this defendant, identifying the claims against him, and sufficient factual allegations to support those claims.

As the Court previously informed Plaintiff, Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint set forth a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand

for judgment for the relief sought.  A complaint must contain sufficient factual matter, that when accepted as true, "state[s] a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570 (2007)).  A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct.  *Id.* (citing *Twombly*, 550 U.S. at 556).

As the Court also informed Plaintiff, there is a pro se clinic at the courthouse available to assist pro se parties. *See* http://www.mied.uscourts.gov.  This clinic may be able to help Plaintiff better understand the Court's orders and prepare a viable complaint.

Accordingly,

**IT IS ORDERED** that within twenty-one (21) days, Plaintiff shall file a second amended complaint in compliance with Rule 8 and this and the Court's prior opinion and order.

**IT IS SO ORDERED.**

                                                         s/ Linda V. Parker
                                                         LINDA V. PARKER
                                                         U.S. DISTRICT JUDGE

Dated: July 11, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 11, 2022, by electronic and/or U.S. First Class mail.

                                            s/Aaron Flanigan
                                            Case Manager