UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAYVON MONTGOMERY,

    Plaintiff,

v.                                           Civil Case No. 22-11416
                                            Honorable Linda V. Parker

DARRELL DAWSON,
DETROIT RECEIVING HOSPITAL
DMC, DEPARTMENT OF MOTOR
VEHICLE, and 36TH DISTRICT COURT,

    Defendants.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915

On June 23, 2022, Plaintiff initiated this pro se action against four defendants: Detroit Police Officer Darrell Dawson, Detroit Receiving Hospital DMC, "Department of Motor Vehicle," and the 36th District Court. (ECF No. 1.) Plaintiff also filed an application to proceed in forma pauperis ("IFP"). (ECF No. 2.) In an opinion and order entered June 27, the Court granted Plaintiff's application to proceed IFP but summarily dismissed on Eleventh Amendment immunity grounds the Department of Motor Vehicle—which the Court concluded was intended to be the Michigan Secretary of State—and the 36th District Court. (ECF No. 4.) The Court also ordered Plaintiff to file an amended complaint within

twenty-one days as he failed to state a claim upon which relief could be granted against Detroit Receiving Hospital (hereafter "Hospital"). (*Id*.)

Plaintiff filed an "Amended Complaint" on July 7. (ECF No. 7.) The heading of the pleading named as defendants only the Hospital and "Driver Assessment Office." (*Id*.) Plaintiff included that latter entity even though the Court already had informed him that his claims concerning his driving record asserted against the State agency responsible for that record—whether improperly named the "Department of Motor Vehicle" or "Driver Assessment Office" rather than the Michigan Secretary of State—are subject to dismissal on Eleventh Amendment immunity grounds. The amended pleading did not identify Officer Darrell Dawson as a defendant.

Therefore, on July 11, 2022, the Court issued an order requiring Plaintiff to file a second amended complaint to the extent he intends to still pursue his claims against Officer Dawson. The Court instructed Plaintiff in any amendment to list this defendant, identify the claims against him, and provide sufficient factual allegations to support those claims. The Court further instructed that any amended pleading should not list the "Driver Assessment Office" or "Department of Motor Vehicle" as a defendant. The Court gave Plaintiff an August 1 deadline to file an amended pleading.

2

Plaintiff did not file a second amended complaint.  Thus, at this point, the controlling complaint lists only the Hospital and the Driver Assessment Office as defendants.  As the Court explained to Plaintiff in its July 11 decision, an amended pleading replaces an original pleading.  *See Braden v. United States*, 817 F.3d 926, 930 (6th Cir. 2016) (quoting *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 617 (6th Cir. 2014)).  The Court therefore is terminating Darrell Dawson as a party to this action.  The Court also is dismissing Plaintiff's claims against the Driver Assessment Office on Eleventh Amendment immunity grounds.  This leaves only the Hospital.  However, the facts alleged in Plaintiff's Amended Complaint fail to state a federal claim against this defendant.[1]

Plaintiff alleges that an unnamed doctor at the Hospital took blood from Plaintiff with a needle despite his protestations.  (ECF No. 6 at Pg ID 23.)  Plaintiff further alleges that an unidentified Hospital security guard put his arms around Plaintiff's neck and chocked him until he could not breath.  (*Id.*)  First, Plaintiff fails to allege facts to establish the Hospital's liability for the actions of these

---

[1] To the extent Plaintiff has stated a viable state law claim against the Hospital—although the Court is not suggesting he has—there is no federal subject matter jurisdiction over Plaintiff's lawsuit.  In general, federal district courts may exercise jurisdiction only over matters in which a federal question is raised, *see* 28 U.S.C. § 1331 ("federal question jurisdiction"), and/or there is diversity between the parties (i.e. they are citizens of different States and the amount in controversy exceeds $75,000.00), *see* 28 U.S.C. § 1332 ("diversity jurisdiction").  For the reasons to be explained, federal question jurisdiction does not appear from the face of Plaintiff's Amended Complaint.  Nor do the parties appear to be diverse.

individuals. *See Berry v. City of Detroit*, 25 F.3d 1342, 1348 (6th Cir. 1994) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 692 (1978) (explaining that liability cannot be premised based solely on an employer-employee relationship with a tortfeasor)). Further, the Hospital is not a state actor.

Claims asserting the violations of one's rights under the United States Constitution generally must be raised under 42 U.S.C. § 1983. *Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989) (explaining that § 1983 is the exclusive remedy for the alleged violations of a plaintiff's constitutional rights). To state a claim under § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

Private parties, like the Hospital, are not state actors unless their actions are "fairly attributable to the state." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). "The under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Gritton v. Disponett*, 332 F. App'x 232, 237 (6th Cir. 2009) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)) (brackets omitted). However, a private party that has

4

conspired with state officials to violate constitutional rights qualifies as a state actor and may be held liable under § 1983. *Moore v. City of Paducah*, 890 F.2d 832, 834 (6th Cir. 1989); *Hooks v. Hooks*, 771 F.2d 935, 943 (6th Cir. 1985). Further, under Sixth Circuit Court precedent, a private party's conduct may be attributable to the state under one of three tests: the public function test, the state compulsion test, or the nexus test. *Am. Postal Workers Union, AFL-CIO v. City of Memphis*, 361 F.3d 898, 905 (2004) (citing *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992)). In summary,

> [t]he public function test requires that the private entity exercise powers which are traditionally exclusively reserved to the state. The state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action so that the choice is really that of the state. Finally, the nexus test requires a sufficiently close relationship between the state and the private actor so that the action taken may be attributed to the state.

*Id.* (quotation marks and internal citations omitted).

There is no other remaining defendant with which the Hospital could have conspired. Further, Plaintiff alleges no facts to adequately allege a conspiracy. Finally, Plaintiff alleges no facts to render the Hospital's conduct attributable to the state under any of the tests described above.

In conclusion, the "Driver Assessment Office" is being dismissed on Eleventh Amendment grounds. Plaintiff fails to allege facts to establish the

5

Hospital's liability.  Finally, Plaintiff's Amended Complaint does not identify Darrell Dawson as a defendant and states no facts against him, and Plaintiff failed to file an amended pleading as instructed if he intended to pursue his claims against this individual.

Accordingly,

**IT IS ORDERED** that Plaintiff's Amended Complaint is **SUMMARILY DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2).[2]

**IT IS SO ORDERED.**

                s/ Linda V. Parker
                LINDA V. PARKER
                U.S. DISTRICT JUDGE

Dated: October 3, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 3, 2022, by electronic and/or U.S. First Class mail.

                s/Aaron Flanigan
                Case Manager

---

[2] As the dismissal is without prejudice, Plaintiff is not precluded from re-filing his claims (although this does not mean that the claims are viable).  Plaintiff is again reminded that there is a clinic at the courthouse available to assist pro se parties. *http://www.mied.uscourts.gov/PDFFIles/Pro_Se_Clinic_2019.pdf*.